SMITH, Judge,
dissenting:
I think the court errs in two respects: in supposing that the term “personal secretary to a principal” has an accepted and uniform meaning in the Palm Beach County school system, or in law; and in overthrowing a legitimate interpretation of the statutory term “confidential employee” by the agency which is invested with legislative authority to interpret and apply that term in the context of the Public Employees Relations Act.
It is not as a result of PERC’s doings that there are troublesome factual issues over the meaning of the term “personal secretary” and the functions of employees so designated. The term “personal secretary to a principal” does not occur in the school system’s job descriptions; indeed, the board’s petition for determination of confidential employees does not use the term, but speaks only of “secretary to school principal” and of 29 other secretaries. Consequently, the school board has not prescribed *530 the duties of a “personal secretary” to a principal. Many principals in the system evidently have informally designated a senior secretary in the office as his or her “personal secretary,” but the evidence does not show that the designation necessarily entails certain duties which may be characterized as confidential in either statutory or everyday terms. Certainly the evidence does not show that such an informal designation of one secretary connotes exclusion of other secretaries, administrative assistants, deans, counselors, and teachers from “confidential” assistance roles in the broad sense in which the majority uses the term. The effect of this decision, then, is to prescribe one personal secretary (or more?) for each of Palm Beach County’s 87 schools and to permit each principal to designate for that position one person (or more?) to assist the principal in what are loosely characterized as confidential matters. In this I conceive the court has undertaken to exercise responsibilities better left to the Palm Beach County school board and to PERC.
Section 447.203(5) does not define “confidential employees” except to say that they are “persons who act in a confidential capacity to assist or aid managerial employees ..” PERC considers that the key phrase, “in a confidential capacity,” refers to managerial work which PERA is concerned to preserve unaffected by union loyalty, i. e., work of managerial employees in formulating policies applicable to bargaining unit employees, in preparing for collective bargaining, in administering collective bargaining agreements, in personnel administration or employee relations, and in preparing and administering budgets. Section 443.203(4)(a). The majority expands the confidential employee exemption to include all personal secretaries, irrespective of function, and by implication all others who assist the principal in “confidential matters.” The expanded class thus includes guidance counselors who assist the principal in confidentially evaluating a student’s academic future, the classroom teacher who assists the principal in confidentially resolving a student disciplinary problem, the coach who assists the principal in confidentially advising a student in his personal problems, and any stenographer who assists the principal by typing confidential memoranda on those subjects. I do not think that interpretation of the critical language in Section 447.-203(5) is a permissible one, let alone the only permissible one. PERC’s interpretation of the statute is permissible and it should be sustained. State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823, 828 (Fla.1973):
Such administrative construction of the statute by the agency or body charged with its administration is entitled to great weight and will not be overturned until clearly erroneous.
PERC’s final order granted confidential status to the “personal secretaries” of the few principals who are members of the superintendent’s bargaining team and to three additional secretaries who the record shows substantially assist their principals in managerial work which PERA maintains inviolate. Section 447.203(4)(a). PERC’s denial of confidential status to other secretaries who were called to testify, and to all “personal secretaries” as a class, was without prejudice to a reapplication for confidential status. There is no reason to suppose that PERC would deny a class designation when and if the school board creates a confidential class and defines the duties of its members, or that PERC would deny confidential status to individuals who are shown to have the requisite duties. To indiscriminately extend the class is to deny all its members, some of whom are both enthusiastic union members and faithful working companions of their principals, the right to bargain collectively. In my opinion, the majority paints with too broad a brush. I would affirm.